---

AMERICAN BALLAST LOG CO. *v.* COTTER.[*]

*(Circuit Court, E. D. Pennsylvania.   January 30, 1882.)*

1. PATENT—UNIFORMITY OF DECISION—EFFECT OF DECREE IN ANOTHER CIRCUIT.
   Where suit is brought in a circuit court upon a patent, the validity of which has been sustained by judgments of other circuit courts, the respect due to such decisions, and the importance of consistency and uniformity of decision in courts of co-ordinate jurisdiction where the same subject-matter is involved, require the court to adopt such judgments.

2. SAME—IMPROVEMENT IN BALLASTING VESSELS.
   Patent No. 126,938, for improvement in method of ballasting vessels, sustained, on the grounds that its patentability had been established by the judgment of other circuit courts, and that the evidence did not show prior use.

Hearing on Pleadings and Proofs.

Bill in equity to restrain infringement of patent No. 126,938, for improvement in method of ballasting vessels in port. The answer denied the patentability of the invention and alleged prior use. It appeared that complainants had brought suit upon their patent in other circuits, and that the patentability of the invention covered by their patent had been there sustained.

*J. Warren Coulston* and *Henry Baldwin, Jr.,* for complainants.

*Thomas J. Diehl,* for respondent.

BUTLER, D. J.   Very little need be said in disposing of this case. Two only of the several grounds of defence set up in the answer were pressed on the argument—*First,* want of patentability and, *second,* anticipation.

The first of these points was passed upon, and decided in favor of the patent, by the circuit court of the eastern district of New York,

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

in the suit of *Demartini et al.* v. *Abramovic et al.*, in 1879, and again by the circuit court for the district of Maryland, in a suit by the plaintiffs here against Barnes and Gatto. The respect due to these judgments, and the importance of consistency and uniformity of decision in courts of co-ordinate jurisdiction, where the same subject-matter is involved, require this court to adopt the judgments referred to.

The second question alone, therefore, is open to consideration. A large amount of testimony bearing upon this was taken and is produced, by each of the parties. A written analysis of this testimony would serve no useful purpose. It is sufficient to say that while the general statements of the defendant's witnesses, on examination in chief, considered alone, would be fully sufficient to overcome the presumption of novelty arising out of the patent, they are so shaken by the cross-examination in some instances, and generally by rebutting testimony produced by the plaintiffs, that they cannot justly be accorded such weight. While it is true that the plaintiffs' testimony, principally, is negative in character, the circumstances are such that it is little, if any, less valuable than the direct testimony of the other side. Considering the occupations and experiences of the plaintiffs' witnesses, it seems virtually impossible that the prior use alleged could have existed without their knowledge.

For the reasons stated a decree will be entered for the plaintiffs.

McKENNAN, C. J., concurred.

See *Hammerschlag* v. *Garrett*, 9 FED. REP. 43; *American Ballast Log Co.* v. *Barnes*, Id. 465.